IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONNIE THOMAS PINKARD,

    Plaintiff,

v.    CASE NO. 4:14-cv-296-RH-GRJ

JAMES COKER, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the Florida Department of Corrections, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983. Doc. 1. The case is before the Court on Plaintiff's Response to Order to Show Cause. Doc. 6. For the reasons discussed below, the Court concludes that Plaintiff has failed to show good cause for failing to truthfully fill out the complaint form and, therefore, Plaintiff's complaint should be dismissed for abuse of the judicial process.

## DISCUSSION

On June 19, 2014, the Court ordered Plaintiff to show cause on or before July 21, 2014, as to why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose a prior pending federal case, as required on the complaint form. Doc. 4. Plaintiff has now responded to the order to show cause, and states that he was in "a rush" to get his case before the Court, and so he "overlooked" one of his cases. Doc. 6.

Plaintiff's complaint in this case concerns his allegations that after he was

sexually assaulted by Inmate Mickel at Martin C.I., he was sent to a newly opened protective management (PM) unit at Wakulla C.I.  He alleges that two weeks after his arrival in the unit, twenty inmates from the PM unit at Martin arrived there.  According to Plaintiff, among them were several inmates who told Plaintiff that they would stab him for telling on Inmate Mickel.  After informing staff at Wakulla C.I., Plaintiff was denied a transfer and was later attacked at the prison.  Plaintiff states that now he is harassed by staff, who write him disciplinary reports.  Notably, Plaintiff states that staff have "made it there (sic) mission to place me where I'll be stabbed all because I'm winning my 1983 civil in Miami US District Court."  Doc. 1 at 8.

The Court issued the show cause order because Plaintiff only disclosed his state cases, and did not disclose a recently filed pending federal case, *Pinkard v. Department of Corrections*, Case No. 2:14-cv-14076-DMM (S.D. Fla.) (the "Omitted Case.") Although Plaintiff asserts that he was in "a rush" to get his case before the Court, and therefore "overlooked" this case, this excuse is not plausible based upon the activity taking place in the Omitted Case.

A review of the docket of the Omitted Case shows that it was filed on February 20, 2014, just four months before he filed this case. Notably, the Omitted Case concerns the alleged assault of Plaintiff by Inmate Mickel – hardly an event that Plaintiff would have overlooked.  Furthermore, Plaintiff has been an active participant in litigating the Omitted Case. During the past four months he has filed an amended complaint and various motions in the Omitted Case.  Shortly before Plaintiff filed the Complaint in the instant case, Plaintiff received a Report and Recommendation from

the magistrate judge in the Omitted Case, entered on May 5, 2014, dismissing several of the defendants from the Omitted Case. Plaintiff signed the complaint in the instant case on May 29, 2014 and provided the complaint to prison officials for mailing on June 9, 2014. Therefore, there is no question that Plaintiff was fully aware of the Omitted Case and was actively involved in the case just a few weeks before he prepared and filed the instant case. The Court therefore concludes that Plaintiff's suggestion that the failure to include the Omitted Case on the Complaint form cannot be viewed as an excusable oversight.

The failure to disclose the Omitted Case is not a mere technicality. The Complaint form expressly requires the prisoner to disclose this information (as well as all other information in the complaint) under penalty of perjury. The Court must be able to rely upon the veracity of the allegations and representations in a prisoner complaint. Untruthfulness – for whatever reason – cannot be tolerated. If the Court was to turn a blind-eye to a prisoner's failure to list all other federal litigation, the message would be clear to other prisoners that the requirement to make full disclosure is aspirational only with no consequences.

Accordingly, where as here, there is no basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe all previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011); *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If

Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.")

In this case, dismissal without prejudice is an appropriate sanction for Plaintiff's failure to disclose another pending federal case without being overly harsh. The sanction will not prejudice Plaintiff's ability to file another lawsuit, if he so chooses, with a complaint form properly and truthfully completed.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for abuse of the judicial process.  Although the dismissal should be without prejudice the dismissal should operate as a "strike" pursuant to  28 U.S.C. § 1915(g).

IN CHAMBERS  this 16th day of July 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.